NOT DESIGNATED FOR PUBLICATION

No. 122,996

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN MARKEL FIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 13, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: The district court imposed Justin Markel Fields' underlying prison sentence upon revoking his probation for the fourth time. Fields now appeals the district court's decision, arguing the district court abused its discretion when it revoked his probation because it mistakenly found he had previously been ordered to serve a 120-day prison sanction. Fields asks us to remand his case for a new disposition hearing. Because we find Fields has failed to show the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence, we affirm the district court's decision.

1

In November 2014, Fields robbed a convenience store in Wichita. In October 2015, Fields pled guilty to robbery and possession of marijuana after a prior conviction as part of a plea agreement with the State.

The district court sentenced Fields to 122 months' imprisonment with 36 months' postrelease supervision for the robbery conviction and 10 months' imprisonment with 12 months' postrelease supervision for the possession of marijuana conviction. The district court ordered the sentences to run concurrent and granted Fields' motion for a dispositional departure, sentencing him to 36 months' probation.

After being placed on probation, Fields appeared in court for four probation revocation hearings. At the first hearing, the district court ordered Fields to serve a two-day jail sanction. At Fields' second probation revocation hearing, the district court found the 10 months in jail Fields had served in another case when he committed a new crime of theft was a sufficient sanction for that revocation hearing and extended Fields' probation for two years under the same conditions. At the third revocation hearing, the district court found the State did not meet its burden of proof on most of the claims but did find Fields had committed technical violations. The district court once again found the approximately two weeks Fields was in jail pending the revocation hearing was a sufficient sanction.

Finally, at the last probation revocation hearing, the State alleged Fields had committed several new crimes, including a person crime of aggravated battery. Fields waived his right to an evidentiary hearing and admitted to the allegations. He claimed he was fearful of his intensive supervision officer, which caused him to stop reporting. The district court noted Fields had regular probation violations and was previously ordered to serve a 2-day jail sanction, a 2-week jail sanction, and a 120-day prison sanction. The

district court revoked Fields' probation and imposed his underlying prison sentences, finding Fields committed new crimes and admitted to all allegations.

ANALYSIS

Fields argues the district court abused its discretion when it imposed his underlying prison sentences after revoking his probation. Fields contends the district court mistakenly determined he had previously served a 120-day prison sanction and, therefore, did not realize it had authority to impose such sanction in lieu of his underlying prison sentences. He also asserts the district court mistakenly considered the fact he had served an intermediate sanction as a factor for revoking probation. He asks us to remand to the district court for a new dispositional hearing.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); see *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Fields bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

At the time Fields committed his crimes, K.S.A. 2014 Supp. 22-3716(c)(1) required a sentencing court to impose intermediate sanctions on a violating probationer before ordering the probationer to serve his or her underlying prison sentence. Even if the district court was in error in thinking Fields had previously served a 120-day prison sanction, it does not matter. Several exceptions in the statute governing probation revocation allow the district court to bypass the graduated sanction system and revoke

3

probation outright, including when a probationer commits a new crime. K.S.A. 2014 Supp. 22-3716(c)(8).

Here, the district court found, in addition to multiple other violations, Fields admitted to committing several new offenses—including aggravated battery, a person felony—all while on probation. The district court, therefore, had the authority to bypass the graduated sanction system and revoke Fields' probation outright even if it mistakenly thought he had already served a 120-day prison sanction because the district court clearly announced at the revocation hearing Fields had committed new crimes as a basis to revoke his probation.

Fields has not established the district court's decision to revoke his probation was arbitrary, fanciful, or unreasonable. Considering Fields' probation violations and the new crimes he committed while on probation, the district court was well within its statutory authority and sound discretion to revoke Fields' probation and order him to serve his underlying prison sentences.

Affirmed.